IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROGRESSIVE BUYERS & SELLERS, LLC and JULIE CARPER, | ) ) ) |
| Plaintiffs, | ) )   4:09CV3232 |
| vs. | ) ) ) ) ) ) ) )   ORDER AND RECOMMENDATION |
| COLDWELL BANKER TOWN & COUNTRY REALTY OF KEARNEY, LLC, et al., | |
| Defendants. | |

On August 2, 2010, the court held a hearing on plaintiffs' counsel's motion for leave to withdraw and on the Buffalo County Board of Realtors' "Rule 37 Motion for Relief from Violation of Discovery Order, or in the Alternative, to Compel Rule 26(a)(1) Disclosures and Discovery Responses" (the "Rule 37 Motion") (#126). Carper was given notice of the August 2 hearing, was ordered to personally appear, and failed to do so. The court granted counsel's motion to withdraw, deemed Carper to be proceeding pro se, and ordered Carper to respond, no later than August 16, 2010, to BCBR's Rule 37 Motion.

Pursuant to the August 2 Order, the Buffalo County Board of Realtors ("BCBR") filed a status report (#136) advising that Carper did not serve a response to the Rule 37 Motion, did not serve any Rule 26(a)(1) mandatory disclosures, and did not serve any responses to BCBR's outstanding discovery requests. The Rule 37 motion is, therefore, ripe for decision.

In its Rule 37 Motion, BCBR sought to compel Carper to provide the mandatory disclosures required by Fed. R. Civ. P. 26(a)(1) and paragraph 3 of the court's initial

progression order (#101); to respond to interrogatories served by BCBR on May 11, 2010; and to respond to requests for production of documents served by BCBR on May 11, 2010.[1]

The court has reviewed BCBR's interrogatories and requests for production of documents and finds that they are appropriate under Fed. R. Civ. P. 26(b). The court further finds that, by failing to timely respond to the requests or to the Rule 37 Motion, Carper has waived all objections to BCBR's discovery requests. *See* Fed. R. Civ. P. 33(b)(4) and 37(d)(1) & (2).

BCBR also seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 37. Rule 37 gives the court broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. Rule 37(b)(2)(A)(v) provides that the court may dismiss the action in whole or in part if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a).

In the Eighth Circuit, an action may be dismissed pursuant to Rule 37 only if there is "'(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009). The court should also consider whether a lesser sanction is appropriate under the circumstances. *See id.* at 905.

---

[1] In its status report, BCBR further requests that requests for admissions served on the plaintiffs on or about July 1, 2010 (*see* #119, Certificate of Service) be deemed admitted under Fed. R. Civ. P. 36. The court cannot consider this request because BCBR did not provide the court with a copy of the requests for admissions. *See* NECivR 7.0.1(i)(2), requiring a verbatim recitation of each request that is the subject of a discovery motion.

In this instance, the initial case progression order (#101, entered upon receipt of the parties' Rule 26(f) planning report), directed all parties to serve mandatory initial disclosures no later than May 6, 2010. Carper did not comply with this order. Carper also failed to appear for oral argument on the Rule 37 Motion and failed to comply with the August 2, 2010 order requiring her to file a response to the Rule 37 Motion. The court finds that Carper has willfully violated an order compelling discovery and BCBR has suffered prejudice, in that it cannot defend the case without receiving any discovery from Carper.

This court does not ordinarily recommend the dismissal of an action over a discovery dispute. In this instance, however, Ms. Carper appears to have abandoned her lawsuit. "Just as an entity may elect not to sue, so it may elect to abandon pending litigation. Ignoring deadlines and orders marks the abandonment of a suit, as surely as does filing a notice of dismissal." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

Carper was served copies of the court's orders and notices, failed to appear for the August 2, 2010 hearing, and did not otherwise comply with any of the court's orders. Carper has not diligently prosecuted this case, and her conduct demonstrates that she does not intend to do so in the future. For these reasons,

**IT IS RECOMMENDED** that BCBR's Rule 37 Motion (#126) be granted, as follows:

1. Carper's claims against BCBR should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). In the alternative, Carper's claims against BCBR should be dismissed with prejudice for lack of prosecution pursuant to NECivR 41.2.

    2.    BCBR should be awarded its costs and attorney's fees incurred in making its Rule 37 Motion.  *See* Fed. R. Civ. P. 37(b)(2)(C).

**IT IS ORDERED** that the Clerk of the Court shall mail a copy of this Order and Recommendation to plaintiff, Julie Carper, at her last known address.

A party may object to the magistrate judge's findings and recommendation by filing an "Objection to Magistrate Judge's Findings and Recommendation" within 14 days after being served with the findings and recommendation. The objecting party must comply with all requirements of NECivR 72.2.

**DATED August 20, 2010.**

                            **BY THE COURT:**

                            s/ F.A. Gossett
                            **United States Magistrate Judge**