IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PROGRESSIVE BUYERS & SELLERS, LLC,** a Nebraska limited liability company d/b/a Assist2Sell, and JULIE CARPER, <br><br>   Plaintiffs, <br><br>   vs. <br><br> **COLDWELL BANKER TOWN & COUNTRY REALTY OF KEARNEY, LLC,** a Nebraska limited liability company d/b/a Coldwell Banker; MATTHEW MEISTER; KERRY PEARSON; BETTY WARREN; WIEBUSCH & ASSOCIATES, INC., a Nebraska corporation d/b/a Century 21 Midlands; KEARNEY REALTY, LLC, a Nebraska limited liability company d/b/a Kearney Realty; SOBATKA, ROPER, SCHUMACHER & COMPANY; NP REALTY, INC., a Nebraska corporation d/b/a NP Realty; BUFFALO COUNTY BOARD OF REALTORS; TARA ROST; NEBRASKA REALTORS ASSOCIATION; and NEBRASKA REAL ESTATE COMMISSION, <br><br>   Defendants. | 4:09-CV-03232-LSC-FG3 <br><br><br> FINDINGS AND <br><br> RECOMMENDATION <br><br><br> (corrected) |

    Upon the filing of status reports (Filings 148, 150 & 151) by defendants Wiebusch & Associates, Inc., Kearney Realty, LLC, Sobatka, Roper, Schumacher & Company, NP Realty, Inc. and Kerri Pearson, the following motions are ripe for decision:

    Filing 138    Motion to Compel Initial Disclosures filed by Wiebusch & Associates, Inc., Kearney Realty, LLC, and Sobatka, Roper, Schumacher & Company

    Filing 140    Defendant NP Realty, Inc.'s Motion to Compel Initial Disclosures

    Filing 142    Defendant Kerri Pearson's Motion to Compel Initial Disclosures

I previously recommended that the claims of plaintiff, Progressive Buyers & Sellers, LLC be dismissed without prejudice because it is no longer represented by counsel. (*See* Order &

Recommendation, Filing 133 at page 2). Plaintiff, Julie Carper, is proceeding without counsel.[1] In the order granting her remaining attorney's motion for leave to withdraw, Ms. Carper was notified that she must personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice; failure to do so could result in the imposition of sanctions, including payment of costs and attorney's fees and/or dismissal of the action, pursuant to Rule 37 of the Federal Rules of Civil Procedure. (*See* Order & Recommendation, Filing 133 at ¶ 2).

In these motions, the defendants allege that Ms. Carper failed to provide the disclosures required by Fed. R. Civ. P. 26(a)(1). In this instance, the initial case progression order (Filing 101, entered upon receipt of the parties' Rule 26(f) planning report), directed all parties to serve Rule 26(a)(1) disclosures no later than May 6, 2010. Carper did not comply with this order. After defendants' discovery motions were filed, Carper was specifically ordered to serve the disclosures required by Fed. R. Civ. P. 26(a)(1) on the defendants by September 10, 2010 and to respond to the motions to compel by September 13, 2010, and to file certificates of service. (*See* Orders, Filings 139, 141 and 143). The records of the court do not demonstrate any attempt by Carper to comply with these orders.

In the Eighth Circuit, an action may be dismissed pursuant to Rule 37 if there is "'(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009). The court should also consider whether a lesser sanction is appropriate under the circumstances. *See id.* at 905. Based on the representations made in the defendants' status reports (Filings 148, 150 and 151), the court finds that defendant, Julie Carper did not respond to the defendants' discovery motions, failed to comply with the orders of this court requiring her to provide discovery, and failed to serve the defendants with mandatory disclosures required by Fed. R. Civ. P. 26(a)(1). The court further finds that Carper has willfully violated an order compelling discovery and the defendants have suffered prejudice, in that they cannot defend the case without receiving any discovery from Carper.

As I previously noted in conjunction with a similar motion filed by the Buffalo County Board of Realtors, this court does not ordinarily recommend the dismissal of an action over a

---

[1] On August 2, 2010, the court held a hearing on plaintiffs' counsel's motion for leave to withdraw. Carper was given notice of the hearing, was ordered to personally appear, and failed to do so. Plaintiffs' remaining attorney was granted leave to withdraw, and Carper was deemed to be proceeding without counsel in this matter. Progressive Buyers & Sellers, LLC is technically in default because it is not represented by counsel, *see Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996), and I have recommended that all of its claims be dismissed (*see* Order & Recommendation, Filing 133).

discovery dispute. In this instance, however, Ms. Carper appears to have abandoned her lawsuit. "Just as an entity may elect not to sue, so it may elect to abandon pending litigation. Ignoring deadlines and orders marks the abandonment of a suit, as surely as does filing a notice of dismissal." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

Carper was served copies of the court's orders and notices, yet failed to comply with any of them. Carper has not diligently prosecuted this case, and her conduct demonstrates that she does not intend to do so in the future. For these reasons,

**IT IS RECOMMENDED** that the defendants' motions to compel initial disclosures **(Filings 138, 140 and 142)** be granted, as follows:

1. Carper's claims against Wiebusch & Associates, Inc., Kearney Realty, LLC, Sobatka, Roper, Schumacher & Company, NP Realty, Inc. and Kerri Pearson, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). In the alternative, Carper's claims against Wiebusch & Associates, Inc., Kearney Realty, LLC, Sobatka, Roper, Schumacher & Company, NP Realty, Inc. and Kerri Pearson, should be dismissed with prejudice for lack of prosecution pursuant to NECivR 41.2.

2. Defendants Wiebusch & Associates, Inc., Kearney Realty, LLC, Sobatka, Roper, Schumacher & Company, NP Realty, Inc. and Kerri Pearson should be awarded their costs and attorney's fees incurred in making their Rule 37 Motions. *See* Fed. R. Civ. P. 37(b)(2)(C).

**IT IS ORDERED** that the Clerk of the Court shall mail a copy of this Order and Recommendation to plaintiff, Julie Carper, at her last known address.

A party may object to the magistrate judge's findings and recommendation by filing an "Objection to Magistrate Judge's Findings and Recommendation" within 14 days after being served with the findings and recommendation. The objecting party must comply with all requirements of NECivR 72.2.

**DATED September 23, 2010.**

                                              **BY THE COURT:**

                                              **s/ F.A. Gossett, III**
                                              **United States Magistrate Judge**